UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

------------------------------------------------------x
MALCOLM JOHNSON,                          :
an individual,                            :      CIVIL ACTION
                                          :
           Plaintiff,                     :      CASE NO.:
                                          :
vs.                                       :      Judge:
                                          :
                                          :      Magistrate:
                                          :
EAST HORIZON, LLC,                        :
                                          :
                                          :
           Defendant.                     :
------------------------------------------------------x

## COMPLAINT

"I now lift my pen to sign this Americans with Disabilities Act and say: Let the shameful wall of exclusion finally come tumbling down. God bless you all."

- President George H. W. Bush, July 26, 1990

Plaintiff, MALCOLM JOHNSON, by and through his undersigned counsel, hereby files this original Complaint against EAST HORIZON, LLC (hereinafter referred to as "DEFENDANT"), and demands declaratory and injunctive relief and attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, MALCOLM JOHNSON, (hereinafter referred to as "MR. JOHNSON"), is a resident of St. Louis County, Missouri. MR. JOHNSON resides approximately one (1)

       mile away from the facility which is the subject of this action.

4. MR. JOHNSON is a qualified individual with a disability under the ADA. MR. JOHNSON suffers from chronic obstructive pulmonary (COPD) which makes walking distances more than a few feet difficult or impossible for MR. JOHNSON without a mobility device. When MR. JOHNSON has to walk more than a few feet, he suffers difficulty breathing.

5. MR. JOHNSON also suffers from arthritis in both knees and Osteoarthritis in his left knee, which makes walking more than a few feet extremely painful for MR. JOHNSON.

6. Due to his disability, MR. JOHNSON is substantially impaired in several major life activities and requires an electric scooter, a wheelchair, or a walker for mobility.

7. Upon information and belief, DEFENDANT is a limited liability company organized in the State of Missouri and doing business in St. Louis County.

8. Upon information and belief, DEFENDANT can contacted at:

> c/o Judy Mei
> 131 N. Mosley Rd.
> St. Louis, MO 63141

9. Upon information and belief, DEFENDANT is the owner of the real properties and improvements that are the subject of this action, to wit: Bell Acres Plaza, 8905 Natural Bridge Rd., Saint Louis, MO 63121. (hereinafter referred to as "the Property").

10. The Property is a shopping center and contains tenants such as Family Dollar and Big L. Chop Suey, a Chinese restaurant.

11. DEFENDANT is obligated to comply with the ADA.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

12. MR. JOHNSON realleges and reavers Paragraphs 1 - 11 as if they were expressly restated herein.

13. The Property is a place of public accommodation, subject to the ADA, generally located at: 8905 Natural Bridge Rd., Saint Louis, MO 63121.

14. Upon information and belief, MR. JOHNSON has visited the Property numerous times and desires to visit the Property again in the near future. MR. JOHNSON lives less than one (1) mile away from the Property.

15. Upon information and belief, MR. JOHNSON visits the Property multiple times each month to patronize Family Dollar and/or Big L. Chop Suey.

16. The discrimination alleged herein is ongoing.

17. At various times, MR. JOHNSON has personally observed or encountered all of the barriers which are the subject of this action.

18. Due to the accessibility barriers discussed below, MR. JOHNSON knows that he will have difficulty entering the restaurant at issue due to the lack of sufficient accessible-designated parking.

19. During his visits, MR. JOHNSON has experienced serious difficulty accessing the goods and utilizing the services offered at the Property due to the architectural barriers as discussed in Paragraph 24.

20. MR. JOHNSON continues to desire to visit the Property, but fears that he will continue to experience serious difficulty due to the barriers discussed in Paragraph 24 which still exist.

21. The barriers discussed below in Paragraph 24 are excluding MR. JOHNSON from the

      programs and activities offered the Property.

22.   MR. JOHNSON plans to and will visit the Property in the future as a patron and also as an ADA tester to determine if the barriers to access alleged herein have been modified.

23.   MR. JOHNSON presently fears that he will encounter the mobility-related barriers which exist at the Property when he returns to the Property in the near future.

24.   Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and the Property is not accessible due to, but not limited to the following barriers which presently exist at the Property:

    I.   UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

        A.   The sole accessible parking space near Family Dollar is not adjacent to an access aisle.

        B.   The curb ramp near Family Dollar is projecting into the fire lane.

        C.   The accessible-designated parking space near the Dollar General is not marked with vertical signage.

        D.   There is a complete absence of accessible-designated parking near Big L. Chop Suey.

        E.   Along the front of the parking near Big L. Chop Suey, what would be the accessible route is blocked by concrete parking curbs.

        F.   Other current mobility-related barriers and violations of the Americans with Disabilities Act to be identified after a complete inspection of the Property;

25.   MR. JOHNSON continues to desire to visit the Property, but will continue to experience

serious difficulty until the barriers discussed in Paragraph 24 are removed.

26. MR. JOHNSON intends to and will visit the Property to utilize the goods and services in the future, but fears that DEFENDANT will continue to discriminate against him by failing to modify the barriers at the Property.

27. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

28. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

29. Upon information and belief, removal of the barriers to access located on the Property would provide MR. JOHNSON with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

30. Independent of his intent to return as a patron to the Property, MR. JOHNSON additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

31. MR. JOHNSON has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to the pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. JOHNSON demands judgment against DEFENDANT, and requests the following relief:

A. That this Court declare that the Property owned, leased, and/or operated by DEFENDANTS is in violation of the ADA;

B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. JOHNSON; and

D. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

**Bizer & DeReus**
Attorneys for Plaintiff
Garret S. DeReus (MO # 68840)
gdereus@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By:/s/ Garret S. DeReus
    Garret S. DeReus